RECEIVED

JUL 2 8 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROSELYN PENNIER, ET AL. | CIVIL ACTION NO. 10-1111 |
| VERSUS | JUDGE DOHERTY |
| MORTON INT'L, INC., ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before this Court is the Motion for Reconsideration [Doc. 48] filed by defendants Daniel A. Schmit, Henry L. Charpentier, and Morton Salt, Inc. The instant matter was remanded to the 16th Judicial District Court for the Parish of Iberia, Louisiana on June 24, 2011 after this Court concluded the joinder of Mr. Schmit as a party defendant was not improper, and that because Mr. Schmit's presence in the instant lawsuit defeated complete diversity, this Court lacks subject matter jurisdiction over the instant case. In the instant motion, defendants seek a stay of the remand and request that this Court reconsider its ruling concluding Mr. Schmit's joinder was proper and granting the plaintiff's motion to remand.

As a preliminary matter, this Court questioned whether it has jurisdiction to entertain the instant motion, and specifically, whether it has jurisdiction to stay a case that has already been remanded for lack of subject matter jurisdiction and/or to reconsider its prior ruling remanding the case. Ergo, on July 12, 2011, this Court issued a Minute Entry ordering the parties to brief the issue. Those briefs are now before the Court [Docs. 52 & 53] and the issue is ripe for adjudication. For the following reasons, this Court concludes it does not have jurisdiction to consider the instant motion to stay the remand and/or to reconsider its previous ruling remanding the case.

This Court begins its analysis by noting the general rule that orders remanding cases to state

court are not reviewable:

> An order remanding a case to the State court from which it was removed *is not reviewable on appeal or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [civil rights cases] shall be reviewable by appeal or otherwise.

28 U.S.C. §1447(d) (emphasis added). The Fifth Circuit has clarified:

> Appellate courts are precluded from reviewing remand orders issued pursuant to § 1447(c) [ (lack of subject matter jurisdiction) ], by appeal, mandamus, or otherwise. *This is true even if the district court's order was erroneous. The rationale for the rule is that allowing federal appeal of remand orders would delay justice in state courts.* The Supreme Court in *Thermtron* identified one narrow exception to the strict bar to appellate review of remand orders. A remand order may be reviewed where the district court "has remanded [a case] on grounds not authorized by the removal statutes."

*Angelides v. Baylor College of Medicine*, 117 F.3d 833, 835-36 (5th Cir.1997) (emphasis added; citations omitted), *citing Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Because this Court expressly remanded the instant matter for lack of subject matter jurisdiction, the exception referenced in *Angelides* and *Thermtron* does not apply here.

This Court emphasizes the language contained within §1447(d) that a remand is not reviewable *on appeal* (presumably to the federal circuit court) *or otherwise* (for example, by the same court that remanded the matter in connection with a motion for reconsideration), because this Court believes the analysis to be followed by this Court in this case is the same analysis used by the federal appellate courts on appeal. In *In re Benjamin Moore and Co.*, 318 F.3d 626 (5th Cir. 2002), the district court concluded the plaintiffs' joinder of certain non-diverse defendants was not fraudulent and therefore, the presence of the non-diverse defendants defeated complete diversity. The district court granted plaintiffs' motion to remand the case to state court. *Id.* at 628-29. The removing defendants then filed a motion for reconsideration, asking the court to reconsider its

2

remand order. The district court denied the motion for reconsideration on grounds the defendants failed to establish any of the grounds for granting a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.[1] *Id.* at 629. The removing defendants then filed a petition for writ of mandamus with the Fifth Circuit. Without addressing whether the *district court* had jurisdiction to entertain the defendants' motion for reconsideration, the Fifth Circuit went straight into whether *it* had jurisdiction to consider the defendants' arguments raised in the petition for mandamus. However, as 1447(d) expressly states a remand order *is not **reviewable on appeal or otherwise***, this Court believes the same analysis employed by the appellate courts should be employed by the district court when asked to review a remand order. Additionally, as this Court believes it does not have jurisdiction to entertain the motion for reconsideration, this Court believes it does not have jurisdiction to consider the merits of the motion for reconsideration.

Notwithstanding the general rules against review of remands for lack of subject matter jurisdiction, in *Doleac*, the Fifth Circuit explained:

> Despite the seeming clarity of this bar against review of orders remanding based on a lack of subject matter jurisdiction, the judiciary has created a doctrine that partially restrains the otherwise preclusive §1447(d). **Although courts acknowledge this bar, at times a separable and collateral order is reviewed.**

264 F.3d at 478 (citations omitted). As the Fifth Circuit has noted, "the jurisprudence surrounding §1447(d) [has grown] increasingly complex. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477-78 (5th Cir. 2001), *citing Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1343-44 (6th Cir.1993) ("The Supreme Court stated long ago ... that the §1447(d) proscription is not as broad as

---

[1] The four grounds for reconsideration under Fed. R. Civ. P. 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d at 629.

3

it seems.... Since *Thermtron*, appellate courts have paved other detours around §1447(d)'s bar to review."). The Third and Seventh Circuits observed: " '[S]traightforward' is about the last word judges attach to § 1447(d) these days." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 222 (3rd Cir.1995), *quoting In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992) (internal quotation marks omitted). However, in the Fifth Circuit, cases dealing with the reviewability of a remand have followed a two-step consideration: (1) the issue of *separableness* under §1447(d); and (2) the issue of *appealability* under 28 U.S.C. §1291.[2] *Id.* at 478.

The concept of separableness originated in *City of Waco v. United States Fidelity & Guaranty Company*, which stated:

> True, *no* appeal lies from the order of remand; but *in logic and in fact* the decree of dismissal preceded that of remand and was made by the District Court while it had control of the case. Indisputably this order is the subject of an appeal; and, if *not* reversed or set aside, is *conclusive* upon the petitioner.

293 U.S. 140, 143, 55 S.Ct. 6, 79 L.Ed. 244 (1934) (reviewing dismissal of cross-complaint).

Thus, the Fifth Circuit has concluded a dismissal of a claim, dismissal of a party, and the entry of summary judgment on federal claims are separable and reviewable under *City of Waco* despite the unreviewability of the accompanying remand order. *See, e.g., First Nat'l Bank*, 136 F.3d at 394 (dismissal of third-party claim); *Mauro*, 21 F.3d at 670 (dismissal of federal claims); *Briggs*

---

[2] 28 U.S.C §1291 states:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

*v. Am. Air Filter Co., Inc.*, 630 F.2d 414, 416 n. 1 (5th Cir.1980) (entry of summary judgment on federal claims); *Self v. Self*, 614 F.2d 1026, 1028 (5th Cir.1980) (dismissal of party); *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 748-49 (5th Cir.1975) (dismissal of third-party complaint).

The Fifth Circuit holds an order is *conclusive* if "it will have the preclusive effect of being functionally unreviewable in the state court." *Doleac*, 264 F.3d at 479, *citing Linton v. Airbus Industries*, 30 F.3d 592, 597 (5th Cir.), *cert. denied*, 513 U.S. 1044, 115 S.Ct. 639, 130 L.Ed.2d 545 (1994).[3] The Fifth Circuit defines conclusiveness in terms of whether the order was "substantive" or "jurisdictional:" if a decision is simply jurisdictional, it is not conclusive. *Doleac*, 264 F.32d at 486-87, *citing Angelides*, 117 F.3d at 837; *Mobil Corp.*, 984 F.2d at 666. As the Fifth Circuit explained in *Doleac*:

> The way the terms commonly are used, it appears the district court's allowance of the amendment was jurisdictional-it was not based upon the substance of the parties' claims but, under *Hensgens*, involved a balancing of interests; and it did not affect the merits of the parties' claims or their right to pursue those claims but merely determined the forum in which they would be decided. Yet in the context of remand and an exception to § 1447(d), "substantive" does not necessarily refer to whether a decision involves substantive rather than procedural law. Instead, as explained above, a "substantive" decision is one that will have a preclusive effect in the state

---

[3] *Doleac* points out that the two factors – *separableness* and *conclusiveness* – have often been blended by the Fifth Circuit, and explains the blending, although logical, should be avoided:

> It is questionable how distinct the inquiry into separableness should be from that into collateralness, both in the light of precedent and also in the light of the admitted overlap of the questions: both definitions include the concept of conclusiveness, and the collateral order exception includes the concept of separateness.

> The inquiries should remain distinct for several reasons: First, the definitions of separateness and of conclusiveness in the context of the reviewability of a remand order may be distinct from their definitions under the collateral order exception. For example, the "separableness" requirement of the collateral order doctrine requires that the issue be separable from the merits, not that it be separable from the order of remand. Second, the precedent most on point, *Tillman*, applies the two-step approach. Third, the collateral order doctrine has an existence independent of the remand question, and it arises, of course, in many situations other than when § 1447(d) bars review.

264 F.3d at 485.

court; a "jurisdictional" finding can be reviewed by the state court upon remand. *Id.* at 486-87 (internal footnotes and citations omitted). In *Angelides*, the court set out a comparison of issues that were *substantive and therefore conclusive*[4] and those that were *jurisdictional and therefore not conclusive.*[5]

In the instant case, it appears the defendants are arguing this Court has jurisdiction to review its previous joinder decision, which defendants argue is separable from the remand order and conclusive. To the extent that is the argument of the defendants, this Court applies the two-part *City of Waco* test to the Court's joinder decision.

With respect to the first factor – separableness – Fifth Circuit precedent establishes a court's decision on joinder is separable from a decision to remand a case for lack of subject matter jurisdiction. *See, e.g., Arnold v. State Farm Fire & Casualty Co.*, 277 F.3d 772, 776 (5th Cir.2001); *Doleac v. Michalson*, 264 F.3d 470, 489 (5th Cir.2001); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026-29 (5th Cir.1991). However, the Fifth Circuit has also made clear the *Doleac* and *Arnold* cases hold more is required for the court to review a joinder decision, stating "[i]n addition to logically preceding the remand, a separable order also must be 'conclusive, in the sense of being functionally unreviewable in state court.'" *In re Benjamin Moore & Co.*, 318 at 630-31, *citing Arnold*, 277 F.3d

---

[4] Cases in which issues were *substantive and therefore conclusive* are *City of Waco* (dismissal of cross-claim); *Mitchell v. Carlson*, 896 F.2d 128 (5th Cir.1990) (finding resubstitution in Westfall Act case separable and collateral and, although §1447(c) and (d) barred review of remand itself, dismissing action because resubstitution was in error); and *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667 (5th Cir.) (finding dismissal of federal claims separate from remand of state law claims and affirming dismissal), *cert. denied*, 513 U.S. 1016, 115 S.Ct. 577, 130 L.Ed.2d 493 (1994).

[5] Cases in which issues were *jurisdictional and therefore not conclusive* are *Linton v. Airbus Industrie*, 30 F.3d 592, 597 (5th Cir.), *cert. denied*, 513 U.S. 1044, 115 S.Ct. 639, 130 L.Ed.2d 545 (1994) (immunity under the Foreign Sovereign Immunities Act ("FSIA")); *Mobil Corporation v. Abeille General Insurance Co.*, 984 F.2d 664, 665 (5th Cir.1993) (also dealing with the FISA, concluding district court's decision that insurance company instrumentality of foreign sovereign was jurisdictional, not substantive); and *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 406-07, 409 (5th Cir.1991) (ERISA preemption).

at 776. Moreover, the order must "also be independently reviewable by means of devices like the collateral order doctrine." *Id.; see also Doleac,* 264 F.3d at 478.

This Court concludes the defendants fail to establish that the Court's joinder decision was conclusive. Indeed, all this Court concluded with respect to the issue of joinder was that, construing all disputed evidence in favor of the plaintiffs, this Court *could not say* the defendants had shown there is *no reasonable basis* for a court to predict the plaintiffs might be able to recover against Mr. Schmit in this case. Under these circumstances, this Court concluded joinder of Mr. Schmit as a party defendant was not improper. *The Court did not hold Mr. Schmit is liable, was negligent, or that the plaintiffs would, in fact, be able to recover anything from Mr. Schmit.* All this Court determined was that it *could not conclude* there was no possibility of recovery against Mr. Schmit. Thus, this Court's joinder decision "did not affect the merits of the parties' claims or their right to pursue those claims but merely determined the forum in which they would be decided." Indeed, in its ruling, this Court was careful to point out that "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the [summary] inquiry must be on the joinder, *not the merits of the plaintiff's case.*" *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir.2004).[6] Therefore, pursuant to this Court's ruling – which did not consider the merits of the plaintiffs' claims – the state court will be the ultimate arbiter of whether Mr. Schmit bears any liability to the plaintiffs. Such a ruling cannot be said to be conclusive as to the rights of any parties. Rather, all this Court determined was the forum in which the matter would be litigated. Therefore, this Court concludes its prior joinder decision, while separable, was not conclusive, and therefore, not reviewable by this Court.

---

[6] *See* Memorandum Ruling, Doc. 45, at p. 4 (emphasis added).

7

Considering the foregoing, this Court concludes it lacks jurisdiction to grant any of the relief requested by defendants, and the instant Motion for Reconsideration [Doc. 48] is DENIED in its entirety.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 28th day of July, 2011.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE